UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSHUA PAUL HILTON HOLT,       )
           )
      Plaintiff,      )
           )
v.                 )    NO. 3:18-cv-00567
           )    CHIEF JUDGE CRENSHAW
MICHAEL CORDLE, et al.,      )
           )
      Defendants.     )

## MEMORANDUM OPINION

Joshua Paul Hilton Holt, an inmate of the West Tennessee State Prison in Henning,
Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983. (Doc. No. 1.) He also filed an
application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

**I.      Application to Proceed IFP**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing
a civil action may apply for permission to file suit without prepaying the filing fee of $350.00
required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he
lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 6) will be granted
by Order entered contemporaneously herewith.

**II.     Initial Review of the Complaint**

**A.     PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is
facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks
monetary relief against a defendant who is immune from such relief. Similarly, § 1915A provides
that the Court shall conduct an initial review of any prisoner complaint against a governmental

1

entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.    Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution

or federal laws. <u>Wurzelbacher v. Jones-Kelley</u>, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. <u>Carl v. Muskegon Cnty.</u>, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

Plaintiff sues Michael Cordle and Detective Bonnie Harris, two officers of the Mt. Juliet Police Department, as well as the Mt. Juliet Police Department itself, concerning statements by Cordle and Harris in court documents from Plaintiff's case in Wilson County criminal court. (Doc. No. 1 at 1, 3–4.) He alleges that, "[a]fter receiving legal documents from Attorney Christopher Beauchamp in 2017 [he] noticed evidence to support [his] claims of perjury on the stand by Michael Cordle and Bonnie Harris in [his] case in Wilson County criminal court in 2016 at the hearing for a motion to suppress gun evidence . . . and also new evidence of perjury contained in [his] legal work." (<u>Id.</u> at 5.)

Plaintiff claims that Defendant Cordle's perjury lead to the denial of Plaintiff's motion to suppress, while Defendant Harris's perjury was used to establish motive in his case. (<u>Id.</u>) Plaintiff seeks an award of damages in the amount of $100,000.00 each from Cordle and Harris. (<u>Id.</u> at 6.)

### D. Analysis

The complaint does not state any viable claim to relief. First, his suit against the Mt. Juliet Police Department must be dismissed, as municipal police departments are not subject to liability under § 1983 for the actions of their officers unless it is alleged and proven that an official policy or custom of the municipality caused the civil rights violation. <u>Binder v. Redford Twp. Police Dep't</u>, 93 F. App'x 701, 703 (6th Cir. 2004) (citing <u>Bd. of County Comm'rs of Bryan County v. Brown</u>, 520 U.S. 397, 403 (1997)). Plaintiff's failure to plead any facts showing that the Mt. Juliet

Police Department encourages or instructs its officers to commit perjury as a matter of policy or custom requires the dismissal of this Defendant. Id.

Second, Plaintiff's claim for damages based on the individual Defendants' alleged perjury during criminal proceedings against him is not cognizable under § 1983, pursuant to the rule of Heck v. Humphrey, 512 U.S. 477 (1994). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. Judicial recognition of Defendants' alleged perjury at Plaintiff's suppression hearing and other criminal proceedings would plainly imply the invalidity of his resulting conviction. Schreane v. Patterson, No. 1:12-cv-323, 2014 WL 415957, at *7–8 (E.D. Tenn. Feb. 4, 2014) ("In sum, to recognize that his motion to suppress and conviction were based on perjured testimony and material evidence was unconstitutionally withheld by the prosecution would necessarily imply his conviction and sentence are invalid."). Because there is no indication that Plaintiff's conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," his claim to damages under § 1983 is barred. Heck, 512 U.S. at 486–87.

## III.    Conclusion

For the reasons set forth above, the complaint fails to state a claim upon which relief may be granted, and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE